# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HERNANDEZ,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>UNKNOWN,<br><br>　　　　　　　　　　Respondent. | Case No.: 20-cv-01790-BAS-RBM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding *pro se*, has submitted a letter indicating his intent to file a federal habeas petition and requesting an extension of time in which to file a petition, which has been docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

A Petition for Writ of Habeas Corpus must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. *See* Rule 2(c), 28 U.S.C. foll § 2254; *see also* Civ. L.R. HC.2(b). In this case, Petitioner has submitted a letter indicating his intent to file a federal habeas petition and an accompanying request for extension of time but has not submitted a petition, much less a petition on a court-approved form. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) ("Unlike non-capital prisoner who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel."); *see also McFarland v. Scott*, 512 U.S. 849 (1994).

Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death. As such, if Petitioner wishes to proceed with a habeas action in this Court he must file a petition for writ of habeas corpus, which will be given a separate civil case number. However, if Petitioner is a capital prisoner, he may request the Court re-open this action to permit him to file a Petition under the civil case number assigned to this action.

Because it appears Petitioner has not initiated habeas proceedings, the Court is without jurisdiction to consider whether tolling is appropriate. The Court cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The one-year statute of limitations provides that the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d); *see Evans v. Chavis*, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1–year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court.") (citing *Carey v. Saffold*, 536 U.S. 214, 222–23 (2002)); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record]

are in compliance with the applicable laws and rules governing filings"); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181–182 (2001).

Even to the extent the Court could liberally construe Petitioner's filing as a habeas petition, it would still be subject to dismissal without prejudice prior to the Court addressing the accompanying request for extension of time. This is because in addition to failing to submit a Petition on a court-approved form and in accordance with the instructions approved by the Court, Petitioner has also failed to satisfy the filing fee requirement by either paying the $5.00 filing fee or moving to proceed *in forma pauperis*. *See* Rule 3(a), 28 U.S.C. foll § 2254.

## CONCLUSION AND ORDER

The Court **DISMISSES WITHOUT PREJUDICE** this case because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings and because Petitioner has failed to satisfy the filing fee requirement. If Petitioner is a capital prisoner and wishes to proceed he may request to have this case reopened. If Petitioner is a non-capital prisoner and wishes to proceed, he must, no later than **November 13, 2020**, submit both: (1) a petition on the proper habeas petition form, which will be given a separate civil case number; and (2) either a copy of this Order together with the $5.00 filing fee or a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee. For Petitioner's convenience, the Clerk of Court is directed to: (1) send Petitioner a blank Southern District of California § 2254 habeas petition form, an *in forma pauperis* application, and a copy of this Order; and (2) close this case.

**IT IS SO ORDERED.**

**DATED: September 22, 2020**

Hon. Cynthia Bashant
United States District Judge